UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

HARRISON KIM,

        Plaintiff,

  v.

MOSAIC SALES SOLUTIONS HOLDING COMPANY; and Does 1 through 50, inclusive,

        Defendants.

No. 2:10-cv-03186-MCE-GGH

**MEMORANDUM AND ORDER**

----oo0oo----

Through this putative class action, Harrison Kim ("Plaintiff") seeks damages on behalf of himself and all similarly situated individuals ("Class"), alleging that Mosaic Sales Solutions Holding Company ("Defendant") failed to fully compensate its hourly employees in violation of the California Labor Code. Plaintiff originally filed suit in the Superior Court of California for the County of Sacramento. Defendant has since removed to this Court under the Class Action Fairness Act[1] ("CAFA").

---

[1] Codified at 28 U.S.C. 1332(d).

1

Plaintiff now moves to remand arguing that the amount in controversy is less than the jurisdictional requirement under CAFA. For the following reasons, Plaintiff's Motion to Remand is granted.[2]

**BACKGROUND**

Plaintiff's state court complaint ("Complaint") alleges that Defendant instituted a "uniform and systematic scheme" of wage abuse, pursuant to which its employees were required to work uncompensated hours. (Compl. ¶ 3.) According to Plaintiff, Defendant assigned its employees tasks that could not be completed within scheduled hours while, at the same time, precluding them from recording the extra hours needed to accomplish those tasks. (Id. ¶ 25.) If employees did record extra hours, Plaintiff asserts that Defendants would alter or delete the pertinent time records. (Id.) As a result, Defendant allegedly failed to compensate employees for all hours worked, and also failed to pay overtime. (Id.) Plaintiff seeks damages, statutory penalties, interest, attorneys' fees, and injunctive relief. (See id. at 20-22).

Defendant removed to this Court on the basis of CAFA. (Notice of Removal ¶ 6.) Plaintiff now moves to remand arguing that Defendant has not established the $5,000,000 amount in controversy requirement under CAFA.

---

[2] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

2

(Pl.'s Notice of Mot. Remand 2.)  Defendant has offered calculations supporting an alleged amount in controversy of $5,149,636.  (Def.'s Opp'n 11.)  However, in the "Parties, Jurisdiction and Venue" section of the Complaint, Plaintiff alleges that the "total damages for the entire case [do] not exceed $5,000,000."  (Compl. ¶ 2.)

**STANDARD**

It is fundamental that federal courts are courts of limited jurisdiction.  Vacek v. United States Postal Serv., 447 F.3d 1141, 1145 (9th Cir. 2006).  Under CAFA, federal courts have original jurisdiction over class actions with minimal diversity and an amount in controversy exceeding the jurisdictional requirement of $5,000,000.  28 U.S.C. 1332(d)(2); Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 680 (9th Cir. 2006).  An action filed in state court may be removed if the federal court would have had original jurisdiction.  28 U.S.C. 1441(a).  If a court lacks subject matter jurisdiction over a removed action, the case must be remanded.  28 U.S.C. 1447(c).

The party seeking removal has the burden of establishing subject matter jurisdiction.  Abrego Abrego, 443 F.3d at 685.  As a result, under CAFA, the defendant must prove the amount in controversy exceeds $5,000,000.  Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007).  Courts may consider the allegations in the complaint, facts contained in the removal and summary judgment type evidence relevant to the amount in controversy at the time of removal.

3

Abrego Abrego, 443 F.3d at 690. The amount in controversy excludes interest and costs, but includes attorney's fees and penalties. Guglielmino, 506 F.3d at 700-01.

A defendant's burden of proof depends on the allegations in the complaint. Id. If the complaint affirmatively states that the amount in controversy is less than the jurisdictional requirement, then the defendant must prove that the jurisdictional requirement is met to a legal certainty. See Lowdermilk v. U.S. Bank National Ass'n, 479 F.3d 994, 1000-01 (9th Cir. 2007). However, if the complaint fails to affirmatively state a specific amount in controversy, then the defendant need only prove the jurisdictional requirement by a preponderance of the evidence. See id. at 998; see also Guglielmino, 506 F.3d at 699.

## ANALYSIS

**A.   Amount in Controversy**

Defendant has not proved that the amount in controversy exceeds $5,000,000 by a preponderance of the evidence.[3]

---

[3] Because Defendant has not proved a sufficient amount in controversy by a preponderance of the evidence, a lower standard than legal certainty, it is unnecessary to determine which standard of proof actually applies under the circumstances of this particular case. Because Plaintiff's Complaint contains no allegation concerning the amount in controversy, however (stating only that the damages subset of said amount is less than $5,000,000), the court concludes that Guglielmino is directly applicable to this case, and the preponderance of the evidence standard applies. See 479 F.3d at 701 (holding that the preponderance of the evidence standard applies where the complaint alleged only that "damages" did not exceed the jurisdictional requirement).

4

To support removal, Defendant must prove that it is more likely than not that the amount in controversy exceeds the jurisdictional requirement. <u>Sanchez v. Monumental Life Ins. Co.</u>, 102 F.3d 398, 403-04 (9th Cir. 1996). This is not a "daunting" burden, and Defendant is not required to "research, state, and prove the plaintiff's claims for damages." <u>Korn v. Ralph Lauren Corp.</u>, 536 F. Supp. 2d 1199, 1204-05 (E.Dist. Cal. 2008) (internal quotations omitted).

Defendant provides detailed calculations to the effect that the amount in controversy is at least $5,149,636 excluding attorney's fees. (Def.'s Opp'n 11.)[4] In support of its calculations, Defendant presents evidence that there were 1,852 Class members, that they received an average of $11.98 hourly pay, and that they received an average of $17.97 average hourly overtime pay. (Def's Obj.'s 7.) Defendant also produces evidence of the number of Class members who are former employees, the number of initial paychecks issued to the Class, the total number of paychecks issued to the Class, the total number of overtime eligible shifts worked, the total number of overtime eligible weeks worked, and the total number of lunch-break eligible shifts worked. (<u>Id.</u> at 7-11.)

///
///

---

[4] In its Notice of Removal, Defendant offers a different set of calculations, and concludes that the amount in controversy is at least $5,119,067.36. Although this discrepancy offers some support for Plaintiff's claim that Defendant's calculations are "reverse engineered" to arrive at a sufficient amount in controversy, the Court will treat the calculations in Defendant's Opposition as controlling for purposes of this motion.

5

Although Defendant's calculations are detailed, and for the most part convincing, ultimately the evidence proves inadequate to establish this Court's jurisdiction. Defendant committed its most significant error in its calculation of the amount in controversy associated with waiting time penalties pursuant to Cal. Lab. Code § 203. Under section 203, employees are entitled to continuing wages for up to thirty days as a penalty for an employer's failure to provide final pay within a certain time following conclusion of employment. Cal. Lab. Code § 201-203. Defendant calculates that this claim places $2,415,168 into controversy by assuming thirty days of eight-hour pay for each Class member who is a former employee. Plaintiff contends that this value is exaggerated because not all Class members worked eight-hour days.

Penalties under Section 203 are calculated by multiplying the average pay per day worked by the number of days of nonpayment. <u>Mamika v. Barca</u>, 68 Cal. App. 4th 487 (3rd Dist. 1998). In determining the average daily pay, Defendant assumes that all formerly employed Class members worked eight-hour days. However, this assumption is not supported by the evidence that Defendant provides. Defendant offers evidence that the Class worked 128,109 shifts of at least five hours, and at least 45,623 shifts of at least eight hours. (Green Decl. 3.) Consequently, it appears that the Class worked 82,486 shifts (128,109 minus 45,623) that were less than eight hours, approximately two thirds of the Class's shifts.

///
///

1    Applying Defendant's own evidence, it is highly likely that
2 the Class averaged significantly less than eight hours per work-
3 day.  As a result, Plaintiff is correct that Defendant's
4 calculation of $2,415,168 additional amount in controversy is
5 overinflated.  Further, Defendant's claimed amount in controversy
6 only exceeds the jurisdictional requirement by $149,636.  Because
7 such a large portion of Defendant's alleged amount in controversy
8 is based on the false assumption that Class members work an
9 average of eight hour per day, it is more likely than not that
10 the amount in controversy does not in fact exceed $5,000,000.
11 Any conclusion to the contrary would be pure conjecture by this
12 Court contradicted by the Defendant's submitted evidence.  As a
13 result, Defendant has failed to meet its burden to establish that
14 the amount in controversy exceeds the jurisdictional requirement
15 under CAFA, and the Court lacks subject matter jurisdiction over
16 the case.
17
18    **B.   Costs**
19
20    Plaintiff also seeks costs and attorney's fees pursuant to
21 28 U.S.C. § 1447(c).  A court has discretion to award costs,
22 including attorney's fees, if it remands a case to state court.
23 Gardner v. UICI, 508 F.3d 559, 561 (9th Cir. 2007).  However,
24 "[a]bsent unusual circumstances, courts may award attorney's fees
25 under § 1447(c) only where the removing party lacked an
26 objectively reasonable basis for seeking removal."  Martin v.
27 Franklin Capital Corp., 546 U.S. 132, 141 (2005).
28 ///

7

In the instant case, Defendant provided evidence and detailed calculations tending to show that the amount in controversy was sufficient to establish jurisdiction pursuant to CAFA.  Although Defendant ultimately failed to meet its burden of proof to establish jurisdiction, Defendant did not lack an objectively reasonable basis for seeking removal.  As a result, the Court declines to award Plaintiff costs.

**CONCLUSION**

Based on the foregoing, Plaintiff's Motion to Remand (ECF No. 6) is GRANTED pursuant to 28 U.S.C. § 1447(c).  This case must accordingly be transferred back to the originating state court, the Superior Court of the State of California in and for the County of Sacramento, for final adjudication.  Plaintiff's request for costs is DENIED.  The Clerk of this Court is hereby ordered to close the case.

IT IS SO ORDERED.

Dated: February 28, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

8